# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**RYAN SCOTT YOUNG,**                                                                          **PETITIONER**

**v.**                                                                     **No. 3:13CV295-NBB-JMV**

**STATE OF MISSISSIPPI**                                                        **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Ryan Scott Young for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition for failure to state a claim upon which relief could be granted. Young has responded to the petition, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed for failure to state a constitutional claim.

## Facts and Procedural Posture

Petitioner Ryan Scott Young was convicted of Felony DUI and retaliation against a public servant in the Circuit Court of DeSoto County, Mississippi. Young was sentenced to serve a term of five (5) years for the DUI and a consecutive sentence of two (2) years post-release supervision. On August 1, 2013, Young's convictions and sentences were affirmed by the Mississippi Supreme Court. *Young v. State*, 119 So. 3d 309 (Miss. 2013). On appeal, Young was represented by counsel, who raised four issues on his behalf:

(1) Count II of the indictment is defective;

(2) the trial court erred in failing to instruct the jury on an essential element of the crime in Count II;

(3) the evidence is insufficient to support the verdict on Count I; and (4) the verdict is against the overwhelming weight of the evidence.

Young also filed a *pro se* brief, which raised the issues he now seeks to raise in this petition: a challenge to his status as a citizen and person as contemplated by the Constitution – and the jurisdiction of the state and federal government to subject him to criminal prosecution. The state court did not address the issues raised in the *pro se* brief in its written opinion; however, as noted above, Young also filed a motion to dismiss his appeal on that same basis, which was denied. In addition, Young's "Motion to Dismiss Charges for Lack of Personal Jurisdiction" was denied by the Mississippi Supreme Court. Young has not filed a collateral challenge to his convictions and sentences in state court.

In the instant petition, Young raises three for relief (as stated by petitioner *pro se*):

**Ground One**: The state's exercise of personal jurisdiction is a violation of due process of laws. I am a natural person and not an artificial or legal person. I am not a U.S. citizen; nor am I a person within meaning of the due process and equal protection clauses. The State of Mississippi does not have the lawful authority to deprive me of my unalienable rights to life, liberty or property.

**Ground Two**: I am a natural person and not a "person" within meaning of the Fourteenth Amendments equal protection and due process clauses. Nobody can dispute the fact that I am a living, flesh and blood human being. I am not a corporation. The State operated outside its jurisdictional limits.

**Ground Three**: I am not RYAN SCOTT YOUNG, a separate legal person. My name is not RYAN SCOTT YOUNG. My name is Ryan and I do not have a social security number. I cannot remember when I was born (because I was a baby, but my mother told me my birthday, which constitutes hearsay). I am not a U.S. citizen or a resident of the State of Mississippi.

## Failure to State a Constitutional Claim

To maintain a petition for a writ of *habeas corpus* the petitioner must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984); *Baker v. McCollan*, 443 U.S. 137 (1979); *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983). Mr. Young does not expound upon the grounds set

forth above, but simply re-urges his arguments with substantially the same language. He argues that he is bound neither by the laws of the State of Mississippi nor by those of the United States. He also argues that he is not a "legal person" or corporation under either state or federal law – and that he is a resident of neither Mississippi nor the United States. Mr. Young does, however, provide the court with a current address in Southaven, Mississippi, which lies within the territorial boundaries of the United States. The cases he references in his response to the State's motion to dismiss do not support his arguments in any way. Given the frivolous nature of Young's petition, the court will not address each of his arguments individually; the claims set forth above speak for themselves. For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 21st day of October, 2014.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE